AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

FILED
DEC 2 3 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| United States of America | ) |
| v. | ) |
| Johnny Espinosa | ) Case No. MO:19-M-438 |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 30th, 2019__ in the county of __Midland, Texas__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 841(a)(1) | did knowingly and intentionally possess a quantity of methamphetamine with the intent to distribute. |

This criminal complaint is based on these facts:
SEE ATTACHMENT

☑ Continued on the attached sheet.

_____
Complainant's signature

Neil Truex MPD Detective/Sergeant
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/23/2019

_____
Judge's signature

City and state: Midland, Texas

Ronald Griffin U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Neil Truex, a Detective Sgt. with the Midland Texas Police Department, currently assigned to the Midland Police Department Narcotics Unit, being duly sworn state:

1. I have successfully completed extensive training emphasizing narcotics investigation and law enforcement. I have been employed by the Midland Texas Police Department as a police officer and detective for approximately 14 ½ years and have participated in numerous narcotics investigations involving firearms violations. I have also attended courses based on investigating Narco-Terrorism and interdiction. In addition, I have operated in an undercover capacity during investigations where narcotics were purchased.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed. I have compiled information derived from numerous discussions with experienced law enforcement officers, and detectives of the Midland Police Department. Since this complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known by me in the investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause. Based on the facts cited in the body of this affidavit, I believe that probable cause exists that **Johnny Espinosa** did knowingly and intentionally possess with the intent to deliver over five grams of actual methamphetamine, in violation of Title 21 United States Code 841 (a)(1).

3. In October 2019 Detectives with the Midland Police Department (MPD) Narcotics Unit received information that Johnny Espinosa was distributing methamphetamine. MPD detectives made at least two controlled purchases of methamphetamine from Johnny Espinosa within the Western District of Texas over the course of this investigation. The amount of those purchases was equal to or greater than 50 grams of methamphetamine.

4. On Wednesday October 30th, 2019 at approximately 2115 hrs., a Cooperating Source, hereinafter referred to as CS, met with Sgt. N. Truex and Detectives Dolan and Sedillo at a predetermined location. The CS as well as the CS vehicle were searched and nothing was located.

5. At approximately 2120 hrs., the CS was provided with $600 of MPD UC Funds and a recording device. The CS was then sent to purchase a quantity of methamphetamine from Espinosa.

6. At approximately 2122 hrs., CS left Sgt. Truex's vehicle and proceeded to 611 W. Florida, which is Espinosa's residence.

7. At approximately 2133 hrs., CS arrived at Espinosa's residence and made contact with Espinosa. Once CS arrived on scene the two would eventually trade the $600 in MPD UC Funds for a quantity of methamphetamine.

8. At approximately 2143 hrs., CS left Espinosa's residence and headed back to meet with Sgt. Truex and the Detectives Sedillo and Dolan.

9. At approximately 2147 hrs., CS met back up with Sgt. Truex and the Detectives. Sgt. Truex immediately took possession of approximately 42 grams of actual methamphetamine and Detective Dolan searched the CS vehicle while Sgt. Truex

searched CS. Again nothing was located other than the quantity of methamphetamine.

10. It should be noted that Detectives with the Midland Police Department Narcotics Unit made at least two controlled purchases of methamphetamine from Espinosa over the course of this investigation. The amount of that purchase was equal to or greater than 50 grams of methamphetamine.

11. Based on my training, expertise and experience, I believe that probable cause exists that Johnny Espinosa did knowingly and intentionally possess with the intent to deliver 5 grams or more of actual methamphetamine, in violation of Title 21, United States Code 841 (a)(1).

12. The punishment Espinosa faces if convicted of the alleged charge in this complaint is punishable by a term of imprisonment of 5 years up to 40 years of confinement, a minimum term of supervised release of four years not to exceed life, and maximum fine of $5,000.000 dollars and a $100 special assessment.

13. Also, of note on 12/20/2019 a search warrant was obtained for Espinosa's residence in reference to the previous controlled purchases. That search warrant resulted in the seizure of two firearms as well as the location of numerous items that are consistent with the distribution of narcotics distribution, to wit: plastic baggies, cutting agents, scales and scoops.

_____     12/23/19
Neil Truex                    Date
Narcotics Detective Sgt.
Midland Police Department
Sworn to and subscribed before me in my presence.

_____     12-23-19
Ronald Griffin                Date
United States Magistrate Judge